IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                         CRIM. NO. 3:22-CR-101-DCB-LGI

JULIAN RUSS

ORDER

BEFORE THE COURT is Defendant Julian Russ's ("Defendant") Motion in Limine ("Motion"). [ECF No. 40]. The Court, having examined the Motion, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.   Factual & Procedural Background

On September 7, 2022, a grand jury indicted Defendant with violating 26 U.S.C. § 7202, Failure to Account For, Collect, or Pay a Tax, from the third quarter of 2016 until the third quarter of 2018. [ECF No. 3]. The indictment alleges that during this time, Defendant, serving as CFO of Community Construction Company, Inc. ("CCC"), withheld employment taxes from CCC employees and willfully failed to pay over those taxes held in trust to the IRS. Id. The indictment also alleges that Defendant failed to file Forms 941 during that same time. Id.

During its initial investigation between October 2018 through January 2019, the IRS interviewed nine witnesses. [ECF

1

No. 41] at 17. Following these interviews, IRS agents produced nine memoranda of interviews ("MOI"). Id. Each MOI had at least one deficiency that failed to conform with the IRS's guidelines regarding MOI: three did not include the date the IRS prepared the MOI, none included the date of the agent's signature, five did not include whether the witness was advised of his or her constitutional rights. Id. The IRS produced one MOI as quickly as one day after the interview. Id. Every other MOI was completed at some point between twelve days and thirty-two months after the interview.[1] Id. Defendant further alleges that four MOI contained copy-and-pasted material from a previous MOI. Id.

On February 25, 2023, Defendant filed the instant Motion, which asks the Court to exclude the MOI from trial for any purpose. [ECF No. 40] at 2.

II. Standard

---

[1]

| Witness | Interview Date | Date MOI Prepared |
|---|---|---|
| Walter Stewart | 1/18/2019 | 9/28/2021 |
| Missy Hotard | 10/25/2018 | Not Dated |
| Missy Hotard | 12/28/2018 | Not Dated |
| Richard Martin | 10/9/2018 | 10/10/2018 |
| Richard Martin | 1/24/2019 | 10/28/2020 |
| James Stewart | 10/9/2018 | 10/22/2018 |
| James Stewart | 10/10/2018 | Not Dated |
| Hugh Louviere | 10/10/2018 | 10/25/2018 |
| Julian Russ | 10/10/2018 | 10/22/2018 |

The purpose of a motion in limine is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." Parker v. Tyson Foods, Inc., 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)).

III. Legal Analysis

Defendant seeks to exclude these MOI for any purpose on the grounds that (1) they are hearsay and (2) their failure to conform to IRS guidelines regarding MOI further render them unreliable. [ECF No. 41] at 2. The Government argues that (1) the MOI should not be excluded for F.R.E. 612 purposes, (2) a failure to conform to IRS guidelines does not entitle Defendant to these exclusions, and (3) the Court should defer ruling on Defendant's hearsay objection until the Government attempts to introduce an MOI into evidence. [ECF No. 42] at 1-2, 9.

1. Rule 612 & IRS Guidelines

Federal Rule of Evidence 612 permits an attorney to refresh the memory of a testifying witness with documents, including those that are inadmissible as evidence. Williams v. Hargrove,

3

No. 1:16-CV-266-KS-MTP, 2018 WL 1308133, at *7 (S.D. Miss. Mar. 13, 2018). "Under Federal Rule of Evidence 612, a witness may use a writing to refresh his or her recollection only if (1) the witness requires refreshment, and (2) the writing actually refreshes the witness's memory." United States v. Carey, 589 F.3d 187, 190 (5th Cir. 2009) (citations omitted). A witness may not testify directly from a writing under the guise of Rule 612, and "[c]aution must be exercised to insure that the document is actually being used for purposes of refreshing and not for purposes of putting words in the mouth of the witness." Id. at 191 (internal quotation marks and citation omitted).

Defendant asks the Court to exclude the MOI for all purposes, including for refreshing a witness under Rule 612. [ECF No. 41] at 2; [ECF No. 43] at 2-3, 7. Defendant argues that the Court should exclude the MOI for 612 purposes because their nonconformity with IRS MOI standards renders them unreliable. [ECF No. 43] at 5-7.

Nevertheless, "[i]t is hornbook law that any writing may be used to refresh the recollection of a witness." Carey, 589 F.3d at 189 (quoting Esperti v. United States, 406 F.2d 148, 150 (5th Cir. 1969)). "The reliability or truthfulness of the statement [is] relevant only to the problem of the weight and credibility

4

to be accorded the witness' testimony." Thompson v. United States, 342 F.2d 137, 139 (5th Cir. 1965).

MOI nonconformity to IRS guidelines will not by itself render them unavailable to refresh the memory of a testifying witness. Defendant relies on U.S. v. Powell, 835 F.2d 1095 (5th Cir. 1988) to argue that violating guidelines within the Internal Revenue Manual ("IRM") create taxpayer rights with legal effect. [ECF No. 43] at 5-7. However, the Fifth Circuit in Powell clearly stated that "it is unnecessary to decide whether or not these guidelines create a constitutionally protected right in the taxpayer." Powell, 835 F.2d at 1100. More recently, the Fifth Circuit has held that "[t]he IRM is not legally binding and 'do[es] not create rights in the taxpayer.'" Est. of Duncan v. Comm'r of Internal Revenue, 890 F.3d 192, 200 (5th Cir. 2018)(internal citations omitted). "However, courts can draw on IRM guidelines as factors to assess the propriety of IRS actions." Id.

In this case, Defendant asks the Court for a cure-all ruling for MOI of varying credibility. While Defendant points to each MOI as being somewhat deficient, the nine MOI run the gamut of credibility. [ECF No. 41] at 17. Some merely lack dates affixed while others contain potentially incorrect or copy-and-

5

pasted information. Id. A rigid order is inappropriate where the subject material exists on such a wide spectrum of reliability.

Trial judges are afforded wide discretion in determining the use of Rule 612 material. See, e.g., United States v. Setser, 568 F.3d 482, 493 (5th Cir.2009); United States v. Mosquera, 886 F.3d 1032 (11th Cir. 2018); United States v. Conley, 503 F.2d 520 (8th Cir. 1974); United States v. Cranson, 453 F.2d 123 (4th Cir. 1971); United States v. Baratta, 397 F.2d 215 (2d Cir. 1968); Williams v. United States, 365 F.2d 21 (7th Cir. 1966).

Trial judges also have a duty to prevent witnesses from putting into the record the contents of otherwise inadmissible writing under the guise of refreshing the recollection of witnesses. Thompson, 342 F.2d at 140. "Similarly, the trial judge must determine whether the device of refreshing recollection is merely a subterfuge to improperly suggest to the witness the testimony expected of him." United States v. Riccardi, 174 F.2d 883, 889 (3d Cir. 1949).

At this time, the Court is not convinced that the MOI are so unreliable to render them inappropriate for 612 purposes. However, the Court remains aware of its duty to prevent the refreshing of witnesses being used as a subterfuge for improper leading or the outright admission of inadmissible evidence. As

such, the Court will permit Defendant to renew its Motion as it regards 612 usages of the MOI at an appropriate time at trial outside the presence of the jury. The Court will deny without prejudice Defendant's Motion as it regards 612 usages.

2. Hearsay

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2). Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise. Fed. R. Evid. 802.

Defendant asks the Court to exclude as hearsay the MOI. [ECF No. 41] at 2. These MOI, which are summaries of interviews, are out of court statements made by declarant IRS agents. See Fed. R. Evid. 801. However, the Court cannot yet determine for what purpose they are offered, because the Government has not indicated its intent to offer these MOI into evidence. As such, the Court will deny without prejudice Defendant's Motion on hearsay grounds until such time it can determine whether the MOI are reasonably likely to be or have been offered into evidence to prove the truth of the matter asserted.

7

IV. Conclusion

For the foregoing reasons, the Defendant's Motion [ECF No. 40] shall be DENIED without prejudice.

ACCORDINGLY,

IT IS HEREBY ORDERED that the Defendant's Motion in Limine [ECF No. 40] is DENIED without prejudice.

SO ORDERED, this 20th day of March, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE